IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **STEAMFITTERS UNION, LOCAL 420 WELFARE FUND, STEAMFITTERS UNION, LOCAL 320 PENSION FUND, STEAMFITTERS UNION, LOCAL 420 SUPPLEMENTAL RETIREMENT PLAN, STEAMFITTERS UNION, LOCAL 420 APPRENTICESHIP TRAINING FUND, SCHOLARSHIP FUND OF STEAMFITTERS LOCAL UNION NO. 420, LOCAL UNION NBO. 420 PIPING INDUSTRY POLITICAL AND EDUCATION FUND, MECHANICAL CONTRACTORS ASSOCIATION OF EASTERN PENNSYLVANIA, INC. INDUSTRY FUND and LOCAL UNION NO. 420 OF THE UNITED ASSOCIATION OF THE PLUMBING AND PIPEFITTING INDUSTRY OF THE UNITED STATES AND CANADA** : | **CIVIL ACTION** |
| v. : | |
| **DIRECT AIR, LLC, SALVATORE TAORMINA and SAL CAMPAGNA** : | **NO. 18-1611** |

## MEMORANDUM OPINION

**Savage, J.**                                                                                           **October 19, 2020**

The plaintiffs, a local union and its related welfare, pension, retirement and education funds, seek aid in the enforcement of a consent judgment entered against an employer and its two principals for failing to remit to the union and its funds employee contributions they were authorized to withhold from union members' wages. They move for an order charging the transferable membership interests of the employer's principals in an unrelated New Jersey limited liability company with payment of the unsatisfied amount of the judgment. They contend that although we lack jurisdiction over the

foreign limited liability company, we have authority under the Pennsylvania Uniform Limited Liability Company Act of 2016, 15 Pa. C.S. § 8811, *et. seq.* (the "PULLCA") to enter a charging order against the members' transferable interests because we have jurisdiction over the members.

The issue is whether a Pennsylvania court can enter a charging order against members' transferable interests in a New Jersey limited liability company absent jurisdiction over the company.  We conclude it cannot.  Therefore, we shall deny the plaintiffs' motion.

**Background**

The plaintiffs brought this action against the union members' employer, Direct Air, LLC and its principals, Salvatore Taormina and Sal Campagna.  Pursuant to a series of collective bargaining agreements, Direct Air, LLC was required to deduct contributions from its employees' pay and remit them to the union and its funds.  After Direct Air failed to remit the required contributions, the plaintiffs conducted an audit of its payroll from January of 2014 through June of 2016.  The payroll audit revealed that $137,776 in delinquent contributions were due, together with $26,746 in accrued interest and $27,555 in liquidated damages as of June 2017.[1]

The plaintiffs then filed this action pursuant to the Employee Retirement Income Security Act of 1974[2] and the Labor Management Relations Act of 1947[3] to collect delinquent payments owed to the union and its funds.  After the defendants failed to respond, a default was entered.  Approximately six months later, on November 19,

---

[1] Compl. (Doc. No. 1).

[2] 29 U.S.C. § 1001, *et. seq.*

[3] 29 U.S.C. § 185.

2018, the parties entered into a settlement agreement. The defendants consented to the entry of judgment in the amount of $321,475.37,[4] which they agreed to pay over a four-month period. A consent order and judgment was entered in favor of the plaintiffs and against the defendants reflecting those terms.[5]

After the defendants failed to make any payment during the repayment period, the plaintiffs filed a praecipe for writ of execution on the judgment. Five months later, the defendants still having made no payments, the plaintiffs filed a motion for a charging order and other ancillary relief to aid in the enforcement of the judgment.[6] They request an order against Taormina and Campagna: (1) charging their membership interests in SCST Realty Group LLC ("SCST"), a New Jersey limited liability company[7]; (2) preventing them from diminishing their interests in SCST and any other corporations, partnerships, limited liability companies or other business entities; and (3) requiring them to provide the plaintiffs and the sheriff with detailed information about their interests in other corporations, partnerships, limited liability companies or other business entities.

Shortly after the consent judgment was entered, the City of Philadelphia filed a real estate tax lien petition in the Court of Common Pleas against SCST as owner of real property located at 2431 Reed Street, Unit 2, in Philadelphia, seeking $58,723.61 in

---

[4] This amount represented the amounts due from the payroll audit period of 2014-2016 and a subsequent delinquency period for contributions due from April through September of 2018. See Settlement Agreement (Doc. No. 9-3) at ECF 3.

[5] See Nov. 21, 2018 Consent Order and Judgment (Doc. No. 7).

[6] See Mot. for Charging Order (Doc. No. 9). The plaintiffs contend that due to accrued post-judgment interest, the current amount owed on the consent judgment has increased to $332,719.26, plus costs. See Memo. in Support of Pls.' Mot. for Charging Order (Doc. No. 9-2) ("Pls.' Memo") at ECF 2-3.

[7] SCST is a limited liability company formed under the laws of New Jersey. Its members are Taormina and Campagna, who are New Jersey residents. See Doc. No. 9-5.

back taxes.  In August of 2019, the state court ordered a sheriff's sale of the property. The sale has been postponed.[8]  The plaintiffs specifically request that we order all distributions, returns of contributions and outstanding valid obligations to which Taormina and Campagna are entitled as members of SCST to be paid by SCST directly to plaintiffs, including proceeds from the sale of the Reed Street property.[9]

On April 6, 2020, we entered an order enjoining the defendants from selling any property or transferring any interest in any entities, including interests in limited liability companies, limited partnerships, corporations or partnerships.[10]

## Analysis

Federal Rule of Civil Procedure 69(a)(1) provides that the procedure on execution must accord with the procedure of the state where the court is located. Hence, Pennsylvania procedural rules, including those covering execution, attachment and garnishment, apply.[11]

### *Authority to Enter a Charging Order Against a Member's Interest in a Foreign Limited Liability Company*

The PULLCA allows a judgment creditor to obtain a charging order against a judgment debtor's transferable interest in a limited liability company to the extent of the unsatisfied amount of the judgment.  15 Pa. C.S. § 8853(a).  The charging order

---

[8] *See* docket in *City of Phila. v. SCST Realty Grp. LLC*, Case ID No. 1812T0032 (Ct. Common Pleas Phila.) (Doc. No. 9-7).  The sale was first postponed on December 20, 2019, and again on June 17, 2020.  *Id.*

[9] *See* proposed charging order (Doc. No. 9-1) ¶¶ 2-5.  The plaintiffs do not explain how SCST's members are entitled to receive any proceeds from the forced sale.

[10] April 6, 2020 Order (Doc. No. 11).  Although we ordered the defendants to file their response to the plaintiffs' motion no later than April 8, 2020, they did not file one.

[11] The plaintiffs, in contrast, contend that the PULLCA is the applicable Pennsylvania procedure. *See* Pls.' Memo. at ECF 4.

4

constitutes a lien on the member's transferable interest and requires the limited liability company to pay over to the judgment creditor "any distribution that otherwise would be paid to the judgment debtor."  *Id.*

The statutory definitions show how the process works.  A "transferable interest" is the right to receive distributions from the company.  15 Pa. C.S. § 8812.  It is personal property.  15 Pa. C.S. § 8851(a).  A "distribution" is a "transfer of money or other property . . . by a limited liability company to a person on account of a transferable interest."  15 Pa. C.S. § 8812.  "A transferee[12] has the right to receive, in accordance with the transfer, distributions to which the transferor would otherwise be entitled."  15 Pa. C.S. § 8852(b).

Only a member's economic interests are transferable to a non-member.  Governance rights are not.  15 Pa. C.S. § 8852(a)(3), (g); 2016 Committee Cmt. to § 8852.  Because a member who transfers a transferable interest retains all remaining rights as a member, 15 Pa. C.S. § 8852(g), the transferee is not entitled to manage or conduct the company's activities or business.  15 Pa. C.S. § 8852(a)(3)(i); *Zokaites v. Pittsburgh Irish Pubs, LLC*, 962 A.2d 1220, 1224–26 (Pa. Super. 2008) (construing earlier version of the PULLCA, known as the Limited Liability Company Law of 1994, 15 Pa. C.S. §§ 8901, *et seq.*).

The question is whether a Pennsylvania court can charge a transferable interest in a New Jersey limited liability company.  The plaintiffs contend that jurisdiction over a foreign limited liability company is not required to enter a charging order against its members' transferable interests.  They argue that because we have personal

---

[12] A "transferee" is a person to whom "all or part of a transferable interest has been transferred." 15 Pa. C.S. § 8812.

jurisdiction over SCST's members, our jurisdiction over them extends to their personal property, wherever it is located.  They rationalize that because a judgment creditor, as transferee, obtains only limited rights of a member, the charging order will affect only the member's transferable rights and will not affect SCST itself.  They point out that the PULLCA does not expressly prohibit the entry of a charging order against transferable interests of members of foreign limited liability companies.[13]

Although we have personal jurisdiction over Taormina and Campagna, the members of SCST, we do not have jurisdiction over SCST.  The plaintiffs' claim against Taormina and Campagna arose out of their operating their Philadelphia-based business, Direct Air, and breaching their fiduciary duty to their employees working in Philadelphia, providing a basis for the exercise of specific jurisdiction.  *See* 42 Pa. C.S.A. § 5322(a)(1)(iv).  They indisputably had minimum contacts with Pennsylvania comporting with due process.  42 Pa. C.S.A. § 5322(b); *BNSF Ry. Co. v. Tyrrell*, 137 S. Ct. 1549, 1558 (2017).  But, we cannot impute their Pennsylvania contacts having nothing to do with SCST to SCST.

There is no basis for the exercise of general jurisdiction over SCST, a foreign company that is neither registered to do business nor carries on a "continuous and systematic part" of its business in Pennsylvania.  *See* 42 Pa. C.S.A. § 5301(a)(3).  Although SCST owns real property in Pennsylvania, none of the plaintiffs' claims arise out of the ownership of that property.  Mere ownership of property in the state does not provide a basis for the exercise of specific jurisdiction over it.  Nor can Taormina's and

---

[13] Pls.' Memo. at ECF 4-6.  Although the defendants have not responded to the plaintiffs' motion, we must still conduct an analysis to determine whether we have jurisdiction to enter the charging order requested by the plaintiffs.

Campagna's contacts with Pennsylvania in connection with their actions on behalf of Direct Air be attributed to SCST to establish personal jurisdiction over the company. *Omnicare Pharmacies of Pennsylvania W., LLC v. Latrobe Health LLC*, No. 2:12-CV-00761, 2013 WL 1102878, at *5 n.10 (W.D. Pa. Mar. 15, 2013). Therefore, we do not have personal jurisdiction over SCST, a New Jersey limited liability company.

The PULLCA is silent about whether a Pennsylvania court is authorized to enter an order charging the interests of members of a foreign limited liability company in the absence of personal jurisdiction over the company.[14] Nor has any Pennsylvania court decided whether the PULLCA authorizes a Pennsylvania court to do so.

Courts in other states have held that they had authority under their states' respective limited liability company laws to enter a charging order against a member's interest in a foreign limited liability company without having jurisdiction over the company itself.[15] Their primary rationale was that because the judgment creditor would obtain only the judgment debtor's right to receive distributions and not any right to ownership in the company or authority to manage its business or affairs, no interest of the limited liability company would be affected by the entry of a charging order on a judgment debtor's transferable interest. *See, e.g., Bank of Am., N.A. v. Freed*, 983 N.E.2d 509 (Ill. App. Ct. 2012). Another reason was to protect in-state creditors from the need to seek a charging order in each state in which the debtor has an interest.

---

[14] The closest the PULLCA comes to addressing the issue is in the 2016 Committee Comment to section 8853, which states that "[w]hether an application for a charging order must be served on the limited liability company or the member or transferee whose transferable interest is to be charged is a matter for other law, principally the law of remedies and civil procedure." 2016 Committee Cmt. to 15 Pa. C.S. § 8853.

[15] The plaintiffs cite several non-Pennsylvania cases in support of their position. *See* Pls.' Memo. at ECF 5-6.

*See, e.g., Vision Mktg. Res., Inc. v. McMillin Grp., LLC*, No. CIV.A. 10-2252-KHV, 2015 WL 4390071, at *4-*6 (D. Kan. July 15, 2015). One court concluded, albeit in *dicta* and without citing authority, that jurisdiction over the limited liability company was not required because its personal jurisdiction over a member of the company extended to jurisdiction over his personal property. *See German Am. Capital Corp. v. Morehouse*, No. GJH-13-296, 2017 WL 3411941, *1 n.2 (D. Md. Aug. 4, 2017).[16]

These courts based their holdings on policy considerations, not jurisdictional requirements. Although the PULLCA sets forth the procedures governing attachment of a member's transferable interest in Pennsylvania, it does not address the jurisdictional issue that arises when the transferable interest to be charged is in a foreign limited liability company. Thus, because Pennsylvania procedure governs, we examine how attachment, execution and garnishment procedures under Pennsylvania law apply to a transferable interest in a limited liability company.

In Pennsylvania, a money judgment is enforced by a writ of execution. Pa.R.C.P. Nos. 3101(a), 3102. Pursuant to the writ, the sheriff is directed to do one or both of the following: (1) levy upon the defendant's real or personal property in his possession and sell his interest in the property; and (2) attach the defendant's property that is in a garnishee's possession. Pa.R.C.P. Nos. 3102, 3103(e), 3252; *Thomas Assocs. Investigative & Consulting Servs., Inc. v. GPI LTD., Inc.*, 711 A.2d 506, 508 n.3 (Pa. Super. 1998) (citing *Johnson v. Beane*, 616 A.2d 648, 652 (Pa. Super. 1992) (stating a writ of execution is used to attach a debt that is owed by the garnishee to the

---

[16] The plaintiffs also cite *Hotel 71 Mezz Lender, LLC v. Falor*, 14 N.Y.3d 303 (2010), for the same proposition. That case reached no such conclusion. Instead, it found that it had personal jurisdiction over the foreign limited liability company because the company's manager was found and served with process in the forum state. It then held that jurisdiction over the limited liability company, not the member, provided the basis for the exercise of personal jurisdiction over the member's interest. *Id.*

8

garnishor)).

Garnishment enables a judgment creditor to reach a debtor's assets held by a third party, the garnishee. *Gray v. PennyMac Corp.*, 202 A.3d 712, 714 n.5 (Pa. Super. 2019) (quoting *Brown v. Candelora*, 708 A.2d 104, 107 (Pa. Super. 1998) (internal quotation marks omitted)). A garnishee is one who has custody, control or possession of a judgment debtor's property. Pa.R.C.P. No. 3101(b); *Coar v. Kazimir*, 990 F.2d 1413, 1421 (3d Cir. 1993). The property may be real or personal. Pa.R.C.P. No. 3101(b)(5) (defining one type of garnishee as owner or possessor of real property subject to a mortgage, judgment or other lien in which the defendant has an interest).

A limited liability company holds and controls distributions to its members.[17] When the members are entitled to receive distributions in the form of a transferable interest, the company "owes a debt" to them. Thus, SCST is the garnishee of Taormina and Campagna's transferable interests.

SCST's ownership of real property in Pennsylvania does not make it a garnishee of its members' interests in the property. SCST, not its members, owns the Reed Street property. The members are not entitled to the proceeds, if any, from the forced sale. SCST is. The proceeds are not distributions to the members. Therefore, because Taormina and Campagna have no transferable interest in the Reed Street property owned by SCST, there is nothing to garnish.

The plaintiffs face a threshold obstacle — the court's lack of jurisdiction over SCST. To attach a debtor's intangible personal property, the sheriff must serve the garnishee with a writ of execution. *See* Pa.R.C.P. Nos. 3108(a)(4), 3111(a). Intangible

---

[17] The distributions are made from New Jersey.

assets of the debtor may be garnished only when the garnishee is subject to *in personam* jurisdiction.  *In re Allen*, 228 B.R. 115, 124-25 (Bankr. W.D. Pa. 1998); *Bianco v. Concepts 100, Inc.*, 436 A.2d 206, 210 (Pa. Super. 1981).  *See* 42 Pa. C.S.A. § 5306 (Pennsylvania tribunals "have jurisdiction over obligations owed by persons who are subject to" the court's jurisdiction, whether or not the person to whom the obligation is owed is subject to jurisdiction).  Permitting a judgment creditor to attach property held by an out-of-state garnishee over whom the Pennsylvania court lacks jurisdiction would force the garnishee to file an answer in garnishment proceedings in Pennsylvania in violation of its due process rights.  *Rivera v. Philadelphia Theological Seminary of St. Charles Borromeo, Inc.*, 595 A.2d 172, 175 (Pa. Super. 1991).

The only exception to this rule is when the debtor's property held by the out-of-state garnishee is real property located in the forum state.  In that case, the court derives *in rem* jurisdiction because the real property to be attached is located in the state.  *Rivera*, 595 A.2d at 175 (citing 9 Goodrich Amram 2d § 3112(b):2)).  The exception does not apply because SCST does not hold the real property for Taormina and Campagna.

Because we do not have personal jurisdiction over SCST, we lack authority to issue a charging order against the members' transferable interests in SCST.[18]  Nor is there a basis for the court to exercise *in rem* jurisdiction over SCST.  Therefore, we shall deny the motion to the extent it seeks a charging order.

---

[18] The plaintiffs may domesticate the Pennsylvania judgment in New Jersey and request a New Jersey court to enter a charging order against the members' transferable interests under New Jersey's Revised Uniform Limited Liability Act.  N.J. Stat. Ann. §42:2C-43.

*Request to Enjoin Taormina and Campagna from Transferring their Property
and for Discovery of Other Property in Aid of Enforcement of Consent Judgment*

The plaintiffs also seek an order preventing Taormina and Campagna from disposing of their interests in SCST or other corporations, partnerships, limited liability companies or other business entities, and requiring them to provide the plaintiffs and the sheriff with detailed information about their interests in other corporations, partnerships, limited liability companies or other business entities.

Under Federal Rule of Civil Procedure 69(a)(2), a judgment creditor may obtain discovery from the judgment debtor in aid of the judgment or execution, in accordance with Pennsylvania procedure. Pennsylvania Rule of Civil Procedure 3118 authorizes supplemental relief in aid of execution for the purpose of maintaining the *status quo* of the judgment debtor's property. It provides that the court may enter an order against any party or person:

> (1) enjoining the negotiation, transfer, assignment or other disposition of any security, document of title, pawn ticket, instrument, mortgage, or document representing any property interest of the defendant subject to execution;
>
> (2) enjoining the transfer, removal, conveyance, assignment or other disposition of property of the defendant subject to execution;
>
> (3) directing the defendant or any other party or person to take such action as the court may direct to preserve collateral security for property of the defendant levied upon or attached, or any security interest levied upon or attached;
>
> (4) directing the disclosure to the sheriff of the whereabouts of property of the defendant;

11

>   (5) directing that property of the defendant which has been removed from the county or concealed for the purpose of avoiding execution shall be delivered to the sheriff or made available for execution; and
>
>   (6) granting such other relief as may be deemed necessary and appropriate.

Pa.R.C.P. No. 3118.

To obtain relief under the rule, the judgment creditor must establish: (1) the existence of an underlying judgment; and (2) property of the debtor subject to execution. *Macharg v. Macharg*, 151 A.3d 187, 190 (Pa. Super. 2016) (quoting *Marshall Ruby and Sons v. Delta Min. Co.*, 702 A.2d 860, 862 (Pa. Super. 1997)).

The plaintiffs have shown they are entitled to relief under Rule 3118 enjoining Taormina and Campagna from the transfer, assignment, conveyance or other disposition of their property. The underlying judgment is the consent order and judgment, and their property in Pennsylvania is subject to execution.

The plaintiffs are entitled to discover assets held by Taormina and Campagna in aid of plaintiffs' execution on the judgment. Under Pa.R.C.P. 3118(a)(4), they may pursue discovery in aid of execution. Because the sheriff does not perform this function, we shall not order the defendants to provide the sheriff with detailed information about their interests in other corporations, partnerships, limited liability companies or other business entities. The plaintiffs may garner this information using the tools available to them under Pennsylvania procedural law.

## Conclusion

Because we lack authority under the PULLCA to charge the defendants' transferable interests in the New Jersey limited liability company over which we have no

jurisdiction, we shall deny the plaintiffs' motion for entry of a charging order.  We shall enter an order pursuant to Pa.R.C.P. No. 3118 permitting plaintiffs to pursue discovery in aid of execution on the judgment and enjoining Taormina and Campagna from transferring, assigning, conveying or otherwise disposing of their property.